# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

Fulton Bank, N.A., )
           )
    Plaintiff, )
           )
    v. )    C.A. No.: N17C-12-108 SKR
           )
River Rock, LLC, Key Properties )
Group, LLC, Country Life Homes, Inc., )
Elmer G. Fannin, and Mary Ann Fannin, )
           )
    Defendants. )

## ORDER DENYING APPLICATION TO CERTIFY AN INTERLOCUTORY APPEAL

This 7th day of September, 2018, upon consideration of Defendants' Application[1] under Supreme Court Rule 42 for an order certifying an interlocutory appeal from this Court's Order, issued on July 19, 2018,[2] denying Defendants' Motion to Amend Answer to Assert Counterclaims (the "Application"), and Plaintiff's Opposition thereto[3], it appears to the Court that:

1. Plaintiff Fulton Bank, N.A. ("Plaintiff") filed the instant action against Defendants River Rock, LLC, *et al.* ("Defendants"), to recover amounts allegedly owed on Commercial Loan No. xxxxx67-9001 (the "Account"). Six months after

---

[1] Defendants' Application for Certification of Interlocutory Appeal (Trans. ID. 62377261).

[2] *See* July 19, 2018 Judicial Action Form (Trans. ID. 62257099). The Court did not issue a written order, but issued its ruling orally at the hearing. *See* Transcript of July 19, 2018 Hearing (Trans. ID. 62290338).

[3] Trans. ID. 62388082.

they filed their Answer, Defendants moved to amend the Answer to assert counterclaims against Plaintiff ("Motion to Assert Counterclaims"). In the proposed counterclaims, Defendants sought to recover alleged overpayments made by them on the Account. They contended that the overpayments were caused by Plaintiff's mismanagement of the Account.

2. On July 19, 2018, the Court denied Defendants' Motion to Assert Counterclaims and found that Defendants' prior knowledge of the alleged overpayments precluded them from asserting the proposed compulsory counterclaims by amendment ("July 19 Order"). Defendants then filed a Motion for Reargument, which the Court also denied.[4] On August 23, 2018, Defendants filed this Application for certification of an interlocutory appeal of the July 19 Order pursuant to Supreme Court Rule 42 ("Rule 42").

3. In considering whether to certify an interlocutory appeal under Rule 42, the Court must: (1) determine that the order to be certified for appeal "decides a substantial issue of material importance that merits appellate review before a final judgment;"[5] (2) decide whether to certify via consideration of the eight factors listed in Rule 42(b)(iii);[6] (3) consider the Court's own assessment of the most efficient and

---

[4] For a more detailed factual and procedural background surrounding Defendants' Motion to Amend, see the Court's August 13, 2018 Memorandum Order denying Defendants' Motion for Reargument. Trans. ID. 62340583.

[5] Del. Supr. Ct. R. 42(b)(i).

[6] The eight Rule 42(b)(iii) factors are:

2

just schedule to resolve the case;[7] and (4) identify whether and why the likely benefits of interlocutory review outweigh the probable costs, such that interlocutory review is in the interests of justice.[8]

4. Defendants maintain that their Application meets the criteria set forth in Rules 42(b)(i) and 42(b)(iii)(H). The Court must first determine whether the July 19 Order decided a substantial issue of this case. To meet the "substantial issue of material importance" prong under Rule 42(b)(i), the question decided must go to the merits of the case, and not to collateral matters.[9] The Court agrees with Defendants that the proposed counterclaims, which concern the ultimate balance on the Account,

---

(A) The interlocutory order involves a question of law resolved for the first time in this State;
(B) The decisions of the trial courts are conflicting upon the question of law;
(C) The question of law relates to the constitutionality, construction, or application of a statute of this State, which has not been, but should be, settled by this Court in advance of an appeal from a final order;
(D) The interlocutory order has sustained the controverted jurisdiction of the trial court;
(E) The interlocutory order has reversed or set aside a prior decision of the trial court, a jury, or an administrative agency from which an appeal was taken to the trial court which had decided a significant issue and a review of the interlocutory order may terminate the litigation, substantially reduce further litigation, or otherwise serve considerations of justice;
(F) The interlocutory order has vacated or opened a judgment of the trial court;
(G) Review of the interlocutory order may terminate the litigation; or
(H) Review of the interlocutory order may serve considerations of justice.

[7] Id.
[8] Id. Those "probable costs" are informed, in part, by Rule 42(b)(ii), i.e., interlocutory appeals "disrupt the normal procession of litigation, cause delay, and can threaten to exhaust scarce party and judicial resources." Del. Supr. Ct. R. 42(b)(ii).
[9] Almah LLC v. Lexington Ins. Co., 2016 WL 3521880, at *2 (Del. Super. Jun. 20, 2016) (internal citations omitted).

relate to the merits of this case. So, by denying Defendants' request for leave to assert the proposed counterclaims, the July 19 Order decided a substantial issue.

5. However, this Application does not otherwise meet the standards for certification. Among the eight Rule 42(b)(iii) factors, Defendants rely solely on 42(b)(iii)(H), i.e., the interlocutory review may serve considerations of justice. Defendants repeated the same arguments they had made numerous times in arguing their Motion to Assert Counterclaims and Motion for Reargument, that they did not become aware of the substance of those compulsory counterclaims until after they filed the Answer. But the Court has pointed out that Defendants' contentions are belied by their own pleadings filed in other cases.[10] Defendants have failed to refute this finding in the Application, nor have they shown that the requested interlocutory appeal would serve considerations of justice on any other grounds. Hence, Defendants fail to meet Rule 42(b)(iii)(H). The other Rule 42(b)(iii) factors are not applicable to this case.

6. It is well-established that interlocutory appeals are not routine, but rather appropriate only in "exceptional" circumstances.[11] When the Court denied Defendants' Motion to Assert Counterclaims, it did not resolve any novel or exceptional issues. It simply applied Superior Court Civil Rules 13(f) and 15 as they

[10] *See* August 13, 2018 Memorandum Order, at 3–4, 6.
[11] Del. Supr. Ct. R. 42(b)(ii).

4

are customarily and routinely construed. Hence, the Court does not believe certification would promote the most efficient and just schedule to resolve the case. Nor will the likely benefits of interlocutory review outweigh the probable costs. The Court finds, therefore, that Defendants have failed to meet the strict standards for certification under Rule 42.

For the foregoing reasons, Defendants' Application to Certify an Interlocutory Appeal from the Court's July 19, 2018 Order is **DENIED**.

**IT IS SO ORDERED.**

Sheldon K. Rennie, Judge